In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-15-00437-CR

RODNEY EUGENE STARCHER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 96-02-00139-CR

MEMORANDUM OPINION

A jury convicted Rodney Eugene Starcher of murder and assessed a sentence of life in prison. This Court upheld Starcher's conviction. *See Starcher v. State*, No. 09-97-456 CR, 1999 Tex. App. LEXIS 5952 (Tex. App.—Beaumont Aug. 11, 1999, pet. ref'd) (not designated for publication). The trial court subsequently granted Starcher's motion for post-conviction DNA testing, in which Starcher sought testing of skin tissue from the victim's fingernails. The State appealed, and this Court reversed and vacated the trial court's order. *State v. Starcher*, No. 09-05-

390 CR, 2006 Tex. App. LEXIS 3721 (Tex. App.—Beaumont May 3, 2006, pet. ref'd) (mem. op.) (not designated for publication). Starcher filed a second motion for post-conviction DNA testing of the skin tissue, which was virtually identical to his first motion, but the trial court denied the second motion. In one appellate issue, Starcher, acting *pro se*, challenges the denial of his motion. We affirm the trial court's order denying Starcher's motion for post-conviction DNA testing.

"A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material." Tex. Code Crim. Proc. Ann. art. 64.01(a-1) (West Supp. 2015). According to Starcher, the trial court erred by considering his motion under a preponderance of the evidence standard. However, the statute's plain language states that the convicting court may only order DNA testing if the convicted party establishes by "a *preponderance of the evidence*" that he "would not have been convicted if exculpatory results had been obtained through DNA testing[]" and the request is "not made to unreasonably delay the execution of sentence or administration of justice." *Id*. art. 64.03(a)(2) (emphasis added).

Starcher also argues that the trial court erred by considering the "law of the case" doctrine. The Texas Court of Criminal Appeals has applied the "law of the case" doctrine to post-conviction motions for DNA testing. *See State v.*

2

*Swearingen*, 424 S.W.3d 32, 35-36 (Tex. Crim. App. 2014). Under this doctrine, "an appellate court's resolution of questions of law in a previous appeal [is] binding in subsequent appeals concerning the same issue." *Id*. at 36. If "the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *Id*. The doctrine applies absent changes to pertinent law or facts. *See Janecka v. State*, 937 S.W.2d 456, 466 (Tex. Crim. App. 1996).

In our opinion on Starcher's first post-conviction motion for DNA testing, this Court held that:

> Starcher simply fails to show how the mountain of incriminating circumstantial evidence we set out in our opinion on direct appeal could be seriously called into question if the latest DNA testing of the skin samples preserved from beneath the victim's fingernails by Dr. Parungao were to produce exculpatory results. We do not question Starcher's assertion that identity was a fact issue at trial as there were no witnesses to the killing, and nothing was found at the scene of the crime patently incriminating Starcher as the assailant. Nevertheless, even if newer, more discriminating DNA testing were to show that another individual's skin was contained in Mr. Bui's fingernail scrapings, that finding would not negate Starcher's highly incriminating statements to Mr. Pyle, nor explain Starcher's recent post-murder possession of property belonging to Mr. Bui.

*Starcher*, 2006 Tex. App. LEXIS 3721, at *9. In this appeal, Starcher argues that intervening developments have occurred since we issued our opinion, namely that Pyle's testimony regarding Starcher's confession was hearsay and the confession could not be considered when deciding his motion for DNA testing because the

3

Texas Legislature amended article 64.03(b) in 2007. Under the 2007 version of article 64.03, a "convicted person who pleaded guilty or nolo contendere or, whether before or after conviction, made a confession or similar admission in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea, confession, or admission, as applicable." Act of May 24, 2007, 80th Leg., R.S., ch. 1006, § 4, 2007 Tex. Gen. Laws 3523, 3524.

This Court previously acknowledged that identity was an issue in Starcher's case, and the record does not indicate that the trial court found otherwise. *See Starcher*, 2006 Tex. App. LEXIS 3721, at *9; *see also* Act of May 24, 2007, 80th Leg., R.S., ch. 1006, § 4, 2007 Tex. Gen. Laws 3523, 3524. Additionally, as expressed in our previous opinions, Starcher's conviction was not solely based on Pyle's testimony regarding Starcher's incriminating statements. *See Starcher*, 2006 Tex. App. LEXIS 3721, at *9; *see also Starcher*, 1999 Tex. App. LEXIS 5952, at **3-12. Accordingly, we find no change in the pertinent law or facts that would justify revisiting our earlier disposition of Starcher's first motion for post-conviction DNA testing. *See Swearingen*, 424 S.W.3d at 36; *see also Janecka*, 937 S.W.2d at 466. Because our previous disposition is binding under the "law of the

4

case," we overrule Starcher's sole issue and affirm the trial court's order denying Starcher's second post-conviction motion for DNA testing.[1]

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 25, 2016
Opinion Delivered April 13, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[1]Starcher appears to attempt an argument that he received ineffective assistance of counsel regarding his first motion for DNA testing. Absent evidence explaining counsel's strategy for any complained-of act or omission, the record before us is insufficient to establish that, but for any unprofessional errors by either trial or appellate counsel, the result of Starcher's appeal would be different. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

5